UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No.: _____

In Re Application of

JAVELER MARINE SERVICES, LLC,
a Texas limited liability company,

Applicant,

Pursuant to FRCP 45 for Judicial
Assistance in Obtaining Evidence
for use in Proceedings in the Western
District of Washington.

_____/

**JAVELER MARINE SERVICES, LLC'S APPLICATION FOR JUDICIAL
ASSISTANCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45
AND CIVIL FILING REQUIREMENTS 5E AND MOTION TO COMPEL
PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM**

JAVELER MARINE SERVICES, LLC ("Javeler"), respectfully submits this Application

for Judicial Assistance ("Application") and Motion to Compel, pursuant to Federal Rule of Civil

Procedure 45 and Southern District Civil Filing Requirements 5E, in order to obtain documentary

evidence for use in Federal Proceedings in the Western District of Washington. In support of this

Application, Javeler states as follows:

## I.       RELIEF REQUESTED

Javeler moves this Court to enforce the subpoena duces tecum (the "Subpoena") issued and

served on Florida Power and Light Company ("FPL") on or about November 14, 2022.  To date,

while FPL has provided some of the requested information, it acknowledges that it has additional

documents and has failed to produce them, despite no valid objections to doing so.

## II.   FACTS

### A.  The Underlying Litigation

The underlying matter is set for trial on September 25, 2023 in the Western District of Washington, *Ballard Marine Construction LLC vs. Javeler Marine Services, LLC,* Cause Number 3:21-cv-05140-JCC.  The dispute at issue revolves around maintenance work done at FPL's St. Lucie Nuclear Power Plant ("SLNPP") near Jensen Beach, Florida in 2019. *See* Ex. A, ¶ 3.1-3.2, 3.11. FPL contracted with Plaintiff, Ballard Marine Construction, LLC, for work, including maintenance dredging, of the SLNPP intake canal. *See id.*, ¶ 3.1. Ballard, in turn, subcontracted the dredging of the canal to Javeler. *See id.*, ¶ 3.2.

After Javeler's work was complete, Ballard brought suit in the above-captioned matter, contending that Javeler's work caused damage to the canal by overdredging, and alleging that Javeler breached duties it owed to both Ballard and FPL.[1] *See id.*, ¶ 4.5. Ballard values the damage to the canal at approximately $1,200,000 plus interest, costs, and attorney fees. *See id.*, ¶ 4.6.

Central to this case is the design of the canal, and the condition of the canal both before and after Javeler performed its work. Ballard's Complaint alleges that:

> After the Project was completed and the canal was put to its intended use, [FPL] notified Ballard that Javeler had removed approximately 90,000 cubic feet of material beyond the design template contrary to the Work contracted for. This removal of excess material caused property damage to the property which has reduced the stability of the canal bank and created other issues for which [FPL] has a [*sic*] asserted a claim against Ballard under the Prime Contract and demanding

---

[1] This action was originally filed in Washington State pursuant to a contractual provision. *See* Ex, A  at ¶ 2.1. The action was later removed to federal court in the Western District of Washington.

that Ballard correct the defective Work and remedy the resulting property damage.

*Id.*, ¶ 3.11. In so doing, Ballard directly put at issue the history of the canal's construction, improvements, remodeling, maintenance, and repairs. These issues are the crux of the dispute between the parties.

### B. The Subpoena.

On or about November 14, 2022, Javeler caused to be issued and served to FPL a subpoena duces tecum seeking all documents related to the construction, improvements, remodeling, maintenance, and/or repairs to the canal. *See **Exhibit A-1,*** Declaration of Matthew R. Sturtevant in Support of Javeler Marine Services, LLC's Motion to Compel Production of Documents Pursuant to Subpoena Duces Tecum (hereinafter "Decl. of Sturtevant"), Declaration Exs. B and C.

To date, FPL has provided scant documentation in response to the Subpoena. On December 22, 2023, FPL provided 45 pages of documents. Decl. of Sturtevant, ¶ 5. FPL provided another 343 pages of documents from March 14, 2023 through March 15, 2023. Decl. of Sturtevant, ¶ 6. Counsel for FPL has acknowledged that it still maintains documents in its possession, but FPL has not produced them to Javeler pursuant to the Subpoena; FPL's counsel has said that the remaining documents should have been ready for production to Javeler by April 28, 2023. On April 19, 2023, FPL's counsel said:

> [T]here was a canal project done about 10-15 years ago that changed the design
> of the canal, and we are working to gather documents regarding that project as
> well as pre-2019 documents reflecting the condition of the canal since completion
> of the project. I should have those documents by the end of next week.

*See* Decl. of Sturtevant, Ex. D. However, since that representation was made, no additional documents have been produced by FPL. Decl. of Sturtevant, ¶ 8. FPL has also not indicated that its production of documents is complete. Decl. of Sturtevant, ¶ 10.

### III.    STATEMENT OF ISSUES

Whether this Court should grant an order compelling FPL to produce documents pursuant to the Subpoena.

### IV.    EVIDENCE RELIED UPON

Javeler relies on the Declaration of Matthew R. Sturtevant in Support of Javeler Marine Services, LLC's Motion to Compel Documents Pursuant to Subpoena Duces Tecum, and the Court's papers and files herein.

### V.    AUTHORITY AND ARGUMENT

A party issuing a subpoena is entitled to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FRCP 26(b)(1). The court should weigh the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).

Here, the condition of the canal is central to the claims in this action. Ballard's claims derive directly from FPL's alleged discontent with the work done by Javeler, and the alleged damage that Javeler's work allegedly caused. As such, it is key that FPL provide complete information regarding the condition of the canal before Javeler's work as well as any

documentation it has regarding the design of the canal, its maintenance history, and the condition of the canal after Javeler's work was complete. Instead, FPL has strung out production of these documents, promising additional production time and time again but failing to do so.

FPL has claimed that the documents related to the condition of the canal before 2019 (i.e., before Javeler's work on the canal) are not relevant. As described above, there is no credible argument that can be made that the documents are not relevant. FPL itself has put the condition of the canal at issue, and Ballard claims that Javeler performed work contrary to the specified design of the canal. The design of the canal and the history of work at the canal is therefore highly relevant to Javeler's defenses. Claims by FPL that these documents are not relevant to this action are spurious.

The Subpoena is also not burdensome given the amount in controversy, or FPL's resources. The amount in controversy in this action is at least $1,200,000. FPL claims to be "America's largest electric utility[.]" *See* Decl. of Sturtevant, Ex. E. FPL cannot seriously claim that as America's largest electric utility it somehow lacks the resources to produce the documents sought by the Subpoena. Javeler seeks only the design, construction, and maintenance documents of the canal at SLNPP, the property at issue. It would actually be *concerning* if, as a nuclear power plant, FPL's employees (including its engineers and counsel) do not have ready access to these documents.

FPL is the only known source of the documentation sought by the Subpoena. Javeler is a Louisiana-based dredging company and does not otherwise have access to the information sought.

These factors all weigh heavily in favor of the production of the documentation sought. The documents in questions are directly related to the main controversy in the case; the amount in controversy is significant; FPL is a large, sophisticated company that should have little issue

producing the documents. By its own admission, FPL possesses additional documents that are responsive to the Subpoena. This Court should order their production to Javeler.

## VI.     <u>CONCLUSION</u>

For the foregoing reasons, Javeler respectfully requests that this Court grant a motion to compel the production of FPL's documents pursuant to the Subpoena. A proposed order is included for the Court's convenience.

As evidenced above, Javeler's counsel has conferred with counsel for non-party Florida Power & Light Company regarding the issues raised in this motion in a good faith effort to resolve the issues raised herein and were unable to do so.

By:    */s/Joseph Goldberg*
Joseph Goldberg
FBN 91107
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Blvd., Suite 1400
Miami, Florida 33156
Telephone:  (786) 268-6756
Facsimile (305) 373-2294
Joe.Goldberg@csklegal.com
Carol.Joslin@csklegal.com
Counsel for Javeler Marine Services, LLC

Matthew R. Sturtevant, WSBA No. 51345
*Pro Hac Vice Application Forthcoming*
Gillaspy, Rhode, Faddis & Benn LLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Telephone: (425) 646-2956
msturtevant@gillaspyrhode.com
Counsel for Javeler Marine Services, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I will send notification of such filing to the following counsel by email:


Daniel A. Brown
Williams Kastner & Gibbs PLLC
6012 Union Street, Suite 4100
Seattle WA 98101-2380
dbrown@williamskastner.com
Counsel for Ballard Marine Construction

Priscilla Jimenez
Florida Power & Light Company
700 Universe Blvd., LAW/JB
Juno Beach, FL 33408
priscilla.jiminez@fpl.com.
Principal Attorney - FPL

By:   */s/Joseph Goldberg*
Joseph Goldberg
